UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDA DENNIS,                         )<br>                                                  )<br>        Plaintiff,                       )<br>                                                  )<br>                                                  )<br>                                                  )<br>LINDA S. McMAHON,[1]                )<br>Acting Commissioner of Social Security, )<br>                                                  )<br>        Defendant.                      )<br>_____ ) | CASE NO. C06-280-RSM-MJB<br><br>REPORT AND<br>RECOMMENDATION |

Plaintiff Linda Dennis appeals to the District Court from a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for Supplemental Security Income under Title XVI of the Social Security Act. For the reasons set forth below, it is recommended that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

## I.  PROCEDURAL HISTORY

Plaintiff applied for Supplemental Security Income ("SSI") on May 3, 2002, alleging disability since January 15, 2001, and identifying her impairments as learning disabilities, anxiety, memory problems, diabetes, hypertension, and injuries in her neck

---

[1] Defendant substituted pursuant to F.R.C.P. 25(d)(1) and 42 U.S.C. § 405(g). Linda S. McMahon became Acting Commissioner of Social Security on January 20, 2007.

REPORT AND RECOMMENDATION
Page - 1

and shoulder. (Tr. 78). The Social Security Administration denied Plaintiff's application initially (Tr. 26-29) and upon reconsideration (Tr. 35-37). A hearing was held before Administrative Law Judge ("ALJ"), Richard Peyser, on November 3, 2004. Plaintiff, who was represented by counsel, testified at the hearing. (Tr. 316-77). Norman Gustavson, Ph.D., testified as a psychologist medical expert, (Tr. 48-53, 352-62, 364-65, 367-68) and a vocational expert ("VE"), William Weiss, also testified at the hearing (Tr. 56-60, 368-76). The ALJ issued an unfavorable decision on December 22, 2004, finding that Plaintiff is able to perform a significant number of jobs in the state and national economies despite her limitations, and thus, she was not under a disability at any time through the date of the decision. (Tr. 10-12, 23). On January 20, 2006, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 5-7). Plaintiff timely filed her appeal with this Court.

## II. THE PARTIES' POSITIONS

Plaintiff requests that the Court reverse the Commissioner's decision and remand for further administrative proceedings. Plaintiff argues that the ALJ erred by: 1) failing to properly evaluate the opinions of non-examining state-agency psychologists Dr. Eisenhauer and Dr. Comrie, whose opinions were more restrictive than the ALJ's hypothetical question given to the VE; 2) relying on the VE's testimony when the ALJ had not provided a hypothetical that accurately reflected the Plaintiff's educational level; and 3) relying on the VE's testimony about reaching, which departed from the Dictionary of Occupational Titles ("DOT") without a reasonable explanation. Defendant responds that the Commissioner's decision should be affirmed because the ALJ applied correct legal standards and supported his decision with substantial evidence.

REPORT AND RECOMMENDATION
Page - 2

## III.  STANDARD OF REVIEW

The court may set aside the Commissioner's denial of social security disability benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence is defined as more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion which must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

## IV.  EVALUATING DISABILITY

The claimant bears the burden of proving that he is disabled. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

The Social Security regulations set out a five-step sequential evaluation process for determining whether claimant is disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920. At step one, the claimant must establish that he or she is not engaging in any substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the claimant must establish that he or she has one or more medically severe

impairments or combination of impairments. If the claimant does not have a "severe" impairment, he or she is not disabled. *Id.* at § (c). At step three, the Commissioner will determine whether the claimant's impairment meets or equals any of the listed impairments described in the regulations. A claimant who meets one of the listings is disabled. *See id.* at § (d).

At step four, if the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner evaluates the claimant's residual functional capacity and the physical and mental demands of the claimant's past relevant work. *Id.* at § (e). If the claimant is not able to perform his or her past relevant work, the burden shifts to the Commissioner at step five to show that the claimant can perform some other work that exists in significant numbers in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience. *Id.* at § (f); *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled.

## V. SUMMARY OF THE RECORD EVIDENCE

Plaintiff, who was born in December, 1955, was 48 years old at the time of the hearing before the ALJ. (Tr. 369). She has previously worked as a hostess, cook, housekeeper, and childcare provider. (Tr. 79, 92-96, 327). The Plaintiff has completed the eleventh grade. (Tr. 14, 330). In her disability report, Plaintiff indicated that her condition limits her ability to work because she has a learning disability, memory problems, diabetes, hypertension, anxiety, and suffers from injuries to her neck and shoulder. (Tr. 78). In addition, Plaintiff alleges that she was involved in a Metro bus accident on January 15, 2001, in which she injured her neck, back, and shoulder. (Tr.

REPORT AND RECOMMENDATION
Page - 4

14, 78). Other evidence relevant to Plaintiff's claims is incorporated into the discussion below.

## VI.  THE ALJ'S DECISION

The ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset of her disability. (Tr. 14, 22). He determined that Plaintiff has the following impairments that, when combined, are severe: a generalized anxiety disorder with symptoms of posttraumatic stress disorder, low average to borderline intelligence, a mild to moderate depressive disorder, hepatitis C, diabetes mellitus, pain across the top of her feet, and a history of cervical strain and a right shoulder contusion resulting from a bus accident. (Tr. 19, 22). However, the ALJ found that these impairments do not meet or equal one of the listed impairments in Appendix 1, Subpart P of the Regulations. (Tr. 19, 21).

The ALJ determined that Plaintiff's residual functional capacity ("RFC") is a limited ability of light work. (Tr. 19, 22). Specifically, he found that Plaintiff's RFC includes no repetitive reaching out to the front or the side with her right arm, and she cannot perform work in hazardous conditions such as working around dangerous machinery, open water, or heights. (Tr. 19, 22). He found that Plaintiff is able to sit, stand, and walk for 6 hours in an 8 hour day, and she retains the ability to lift and carry up to 10 pounds frequently and 20 pounds occasionally. (Tr. 19, 22). The ALJ also found that, due to mental impairments, the Plaintiff is limited to short superficial contacts with the public on a short interactive exchange basis, but she retains the ability to perform simple and moderately complex work tasks. (Tr. 19, 22). Thus, the ALJ found that the Plaintiff is unable to perform her past relevant work. (Tr.19, 22). In reaching this conclusion, the ALJ found that Plaintiff's allegations regarding her

1 limitations were not credible and were not supported by objective medical evidence.
2 (Tr. 19-20, 22).
3   At step five, the ALJ determined that based on the Plaintiff's age, education, past
4 work experience, RFC, and the VE's testimony, the Plaintiff retains the capacity to
5 adjust to work that exists in significant numbers in the national economy, including
6 cashier II, semiconductor bonder, call operator, and charge account clerk. (Tr. 21, 23).
7 Therefore, the ALJ concluded that Plaintiff was not disabled at any time through the date
8 of the decision and is not eligible for SSI payments. (Tr. 21, 23).

## VII. DISCUSSION

### A. Opinions of Non-Examining State Agency Experts

Plaintiff argues that the ALJ erred in step five because he failed to evaluate the opinions of non-examining state agency psychologists, Dr. Eisenhauer and Dr. Comrie, which were more restrictive than the ALJ's mental residual functional capacity finding and more restrictive than the hypothetical question that the ALJ posed to the VE. The Commissioner asserts to the contrary that the ALJ's conclusion that the Plaintiff could perform various unskilled jobs was consistent with the opinions of Dr. Gustavson, Dr. Eisenhauer, and Dr. Comrie.

Social Security Ruling 96-6p provides that an ALJ cannot ignore the opinions of state agency physicians and must explain the weight to be given to a state agency physician's opinion in their decisions. However, the ALJ is not bound by any findings made by state agency medical or psychological consultants, or other program physicians or psychologists. 20 C.F.R.§ 404.1527(f)(2)(i).

In this case, the ALJ cited to the opinions of two non-examining psychologists, Dr. Eisenhauer and Dr. Comrie, when he determined that the Plaintiff was not disabled.

(Tr. 16). The ALJ concluded that due to her mental impairments, the Plaintiff should only have short superficial exchanges, but the Plaintiff retains the ability to perform moderately complex work tasks. (Tr. 22).

The Commissioner contends that the Plaintiff erroneously cited Dr. Eisenhauer's opinion. As such, the Commissioner contends that citations to opinions provided in Section I of the Mental RFC Assessment are erroneous because ALJs are supposed to base their findings only on Section III of the Assessment. Upon review of the record, however, there appears to be little difference between Dr. Eisenhauer's opinion in Sections I and III. (*See* Tr. 211-13). For example, in Section I, Dr. Eisenhauer notes that the Plaintiff has a marked limitation in her ability to understand and remember and carry out detailed instructions. (Tr. 211). Similarly, in Section III, Dr. Eisenhauer states that the Plaintiff's "decreased intellect limits her from doing detailed tasks. She remains able to do simple and repetitive tasks. Ongoing anxiety symptoms limit sustained concentration for detailed tasks." (Tr. 213). The distinction the Commissioner draws is not supported by the record and, therefore without merit.

A careful review of the record reveals that the ALJ did not adequately summarize the expert opinions of Dr. Eisenhauer and Dr. Comrie. In addition, the ALJ did not explain what weight he gave to the opinions of Dr. Comrie and Dr. Eisenhower. *See* SSR 96-6p. Moreover, the ALJ did not acknowledge Dr. Eisenhauer's Mental Residual Functional Capacity Assessment ("Mental RFC Assessment"), which stated that the Plaintiff's "decreased intellect limits her from doing detailed tasks." (Tr. 213). Further, Dr. Eisenhauer's opinion is contradicted by Dr. Gustavson's opinion. Dr. Gustavson testified at Plaintiff's hearing at the ALJ's request, and he determined that the Plaintiff was capable of performing "simple, repetitive, as well as moderately complex work

REPORT AND RECOMMENDATION
Page - 7

tasks." (Tr. 18). The ALJ failed to reconcile these conflicting opinions.

An ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence, but the ALJ in this case did not reconcile the conflicting opinions of the non-testifying, non-examining experts, who concluded that the Plaintiff had limitations in her ability to carry out detailed instructions. Accordingly, I conclude that the ALJ erred in not properly evaluating the testimony of two non-examining experts at step five. *See* SSR 96-6p; *Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995).

**B. Plaintiff's Remaining Claims**

The Plaintiff's remaining alleged errors relate to whether the ALJ improperly relied on the VE's testimony. Having found error at step five, the court need not reach the remaining issues raised. These remaining issues are best addressed on remand.

## VIII. CONCLUSION

The Commissioner's determination to deny Plaintiff SSI benefits contains legal errors and is not supported by substantial evidence. Based on the record evidence, the undersigned recommends that the Commissioner's decision be reversed and remanded. A proposed Order accompanies this Report and Recommendation.

DATED this 1st day of February, 2007.

_____
MONICA J. BENTON
United States Magistrate Judge